RIPPLE, Circuit Judge,
concurring in the judgment:
The law of the case doctrine justifies the majority’s reliance on Federal Rule of Evidence 606(b). However, were we deciding this matter without the constraints imposed upon us by the earlier panel decision in this case, we would have to address whether that rule is really as dispositive as the earlier panel thought it was. Rule 606 applies only to the conduct of litigation in United States courts. Here, in the context of an ineffective assistance of counsel claim raised on habeas review, it is important that the underlying proceeding took place in the courts of California. California does not follow the federal rule with respect to the admission of juror statements during deliberations. In California, when a party challenges the validity of a jury verdict, the California Rules of Evidence allow consideration of statements, conduct and events occurring during deliberations, but not evidence as to how those statements or events influenced a juror. Cal. Evid.Code § 1150(a). By contrast, the Federal Rules of Evidence do not allow testimony as to statements made during deliberations.
Here, where state law gives the defendant more latitude in impeaching a jury verdict than available under federal law, the adequacy of counsel must be measured by whether counsel adequately protected his client’s more protective state rights. At least in the context here — an ineffective assistance of counsel claim based on proceedings in a California state court — the California Rules of Evidence controls the inquiry into the adequacy of counsel’s conduct.
Despite my respectful disagreement about reliance on Rule 606(b), I believe that the evidence of record does not establish that the defendant was prejudiced by any shortcoming of counsel. Accordingly, I join in the affirmance of the district court’s judgment.